UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ANTHONY LEWIS,<br><br>        Petitioner,<br><br>    v.<br><br>FERGUSON AND CALLAHAN.<br><br>        Respondents. | CASE NO. 3:16-CV-05562-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED: MARCH 31, 2017 |

Currently before the Court is petitioner's motion to stay. Dkt. 19. Petitioner asks the Court to stay the action so that he can exhaust his claims in state court. *Id.* In the alternative, petitioner requests that the Court grant a 30-day extension to file his traverse. *Id.* Respondent Ferguson opposes the motion to stay but does not oppose the request for an extension. Dkt. 20.

The petition contains only unexhausted claims and petitioner has not shown that his claims have merit or that he acted with diligence in failing to exhaust his claims in state court prior to filing this action. Thus, the Court recommends denying petitioner's motion to stay without prejudice. The Court recommends granting petitioner's request for a 30-day extension to file his traverse.

REPORT AND RECOMMENDATION - 1

Petitioner's federal habeas action consists entirely of unexhausted claims. Dkt. 8. Petitioner concedes that he has not filed a direct appeal or state habeas action because he was told by his attorney that he took a deal, so he was unable to appeal his conviction. Dkt. 8. A district court may stay a petition if: (1) petitioner has "good cause" for failure to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  The Court may stay a petition and hold the proceedings in abeyance where the stay would be a proper exercise of discretion.  *Rhines*, 544 U.S. at 276.

Respondent argues that the motion should be denied because *Rhines* does not apply to wholly unexhausted petitions. Dkt. 20 at 2. However, the Ninth Circuit recently held in *Mena v. Long,* 813 F.3d 907, 911 (9th Cir. 2016), that a district court has discretion to stay fully unexhausted petitions under *Rhines*. Nevertheless, if employed too frequently, stays and abeyances have the potential to undermine the twin purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA") -- encouraging finality and streamlining federal habeas proceedings because stays delay resolution and decrease the incentive to exhaust all claims in state court prior to filing the federal petition. *Id*.  Therefore, stay and abeyance should be available only in limited circumstances." *Id.* at 277.  A stay is generally appropriate only where the petitioner has not yet exhausted claims in state court, the court determines there was good cause for the failure to exhaust the claims, and the unexhausted claims are not without merit. *Id*.

Good cause does not require "extraordinary circumstances." *Wooten v. Kirkland,* 540 F.3d 1019, 1023 (9th Cir. 2008). However, the failure to exhaust based on reasons such as the petitioner believed that his counsel included all of the issues raised before the California Court of Appeal in his petition to the California Supreme Court does not constitute good cause. *Id.* Such a

broad interpretation of "good cause" would allow routine stays of habeas petitions and would undermine the goals of AEDPA, which authorizes stays of such petitions only in "limited circumstances." *Id.* The burden is on the petitioner to demonstrate good cause for his failure to exhaust state court remedies, to show that the unexhausted claims are not "plainly meritless," and to demonstrate that he has not engaged in abusive litigation tactics. *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).

Petitioner has not shown good cause for the requested stay under *Rhines*. Although petitioner states he seeks a stay to exhaust his remedies in state court, his motion focuses on why he needs additional time to file his traverse. Dkt. 19. Petitioner alleges that he is incarcerated, without legal training and needs additional time to research the cases cited by respondent Ferguson in his answer. Dkt. 19. Petitioner also alleges that he was transferred between prison facilities and was not in possession of his legal property. *Id.* at 2. Petitioner fails to address whether his unexhausted claims have merit, that good cause exists for his failure to exhaust his claims in state court before filing this federal habeas action, or that he has acted with diligence. Thus, the Court recommends petitioner's request for a stay be denied without prejudice to filing a renewed motion for a stay, in which petitioner may show how he satisfies the *Rhines* criteria.

The Court recommends granting petitioner's request for an extension to file his traverse, which respondent Ferguson does not oppose. If this report and recommendation is adopted, petitioner's traverse shall be due within 30 days of District Judge Leighton's order.

The Clerk's office is directed to re-note the petition for March 31, 2017, consistent with this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

Case 3:16-cv-05562-RBL-JRC   Document 22   Filed 03/09/17   Page 4 of 4

6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 31, 2017** as noted in the caption.

      Dated this 9th day of March, 2017.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4