UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ANTHONY LEWIS,<br><br>           Petitioner,<br><br>     v.<br><br>CHARLES CALLAHAN, et al.,<br><br>           Respondents. | CASE NO. 3:16-cv-05562-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  MAY 4, 2018 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner John Anthony Lewis filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner is a California prisoner challenging future incarceration in Washington based on a Washington conviction. He alleges that his rights were violated when he did not receive a final disposition for his Washington convictions within 180 days of requesting it under the

Interstate Agreement on Detainers ("IAD"), 18 U.S.C. § 2 and RCW 9.100.010. [1] However, petitioner was convicted on a guilty plea that explicitly waived his right to speedy trial. Further, the IAD allows for extensions beyond the 180 days when the trial court finds good cause, and the trial court did so here. Therefore, petitioner's habeas petition is without merit and the Court recommends that his habeas petition be denied.

## PETITIONER'S CLAIMS IN THIS HABEAS PETITION

1. Petitioner was not provided a speedy trial under the IAD, codified in Washington under RCW 9.100.010.

2. Petitioner was brought to trial outside the 180 days provided for under the IAD, rendering his conviction out of Lewis County unlawful.

3. Petitioner was denied his right to appeal from the Lewis County conviction.

## BASIS FOR CUSTODY AND FACTS

Petitioner was convicted of a crime in California and is currently serving his sentence there in the Correctional Training Facility. While incarcerated in California, he was charged with several crimes in Lewis County, Washington, and ultimately pled guilty to one count of first-degree theft, one count of second-degree identity theft, and bail-jumping. Dkt. 18, Ex. 21. He challenges his future incarceration for the Washington crimes.

Plaintiff was originally charged in Lewis County with theft in the first degree, trafficking of stolen property, and possession of a controlled substance. Dkt. 18, Ex. 2. The state later amended the charge to include two counts of identity theft in the second degree and bail jumping. *Id*., Ex. 6. At this time, petitioner was serving a sentence in California for a California

---

[1] As respondent correctly notes, the IAD is a congressionally sanctioned interstate compact under the Compact Clause of the Constitution (Art. 1, § 10), and is therefore subject to federal construction. *New York v. Hill*, 528 U.S. 110, 111 (2000). As such, when the Supreme Court has ruled on a particular provision of the compact, that Court's interpretation is binding on lower courts. *Buyler v. Adams*, 449 U.S. 433, 442 (1981).

crime. *Id.*, Ex. 1. The state therefore began proceedings under the IAD to bring petitioner temporarily to Washington to stand trial. *See id.*, Ex. 7.

After being notified he would be temporarily taken to Washington, petitioner filed an IAD form invoking his right to have the final disposition of the case determined within 180 days after receipt of the form by the prosecutor and trial court. *Id.*, Ex. 7 at 3. Petitioner signed this form on February 4, 2015, and the state received it on February 18, 2015. *Id.*, Ex. 8 at 2. However, in July of 2015, the state filed a motion to extend the deadline, explaining that the prosecutor was having difficulty contacting the California Department of Correction, that the deadline was fast approaching, and that the California officials had moved petitioner to a different prison, requiring the filing of amended paperwork. *Id.*, Ex. 8. The trial court found California had not acted in good faith, made a finding of good cause for the extension, and granted an extension to November 15, 2015. *Id.*, Ex. 9. Petitioner was subsequently transported to Washington on October 13, 2015. *Id.*, Ex. 11.

Petitioner's counsel then filed a motion to dismiss or, in the alternative, grant an extension, stating that he required additional time to familiarize himself with the case and to effectively represent his client. *Id.*, Ex. 12. The Court again found good cause and granted an extension to January 31, 2016. *Id.*, Ex. 14. The state later requested a final extension due to the unavailability of material witnesses. *Id.*, Ex. 19. Again, the Court found good cause and granted the extension to April 13, 2016. *Id.*, Ex. 20.

Petitioner subsequently pled guilty to theft in the first degree, one count of identity theft in the second degree, and bail jumping. *Id.*, Ex. 21. His guilty plea recitation included an explicit waiver of his right to a speedy trial. *Id.* at 2. The Court entered an exceptional sentence, taking into account the fact that petitioner was already serving time in California, and sentenced

1  petitioner to 24 months for each offense to be served concurrently after the completion of his

2  California imprisonment. *Id.*, Ex. 22. Petitioner was then returned to California where he remains

3  in custody. *Id.*, Ex. 23

## PROCEDURAL HISTORY

Petitioner filed this habeas petition in June of 2016. Dkt. 1. After petitioner filed an amended petition (Dkt. 8), the Court ordered service (Dkt. 9). Because petitioner's sole respondent was petitioner's custodian in California, but petitioner was challenging Washington convictions, the Washington Attorney General moved to intervene (Dkt. 16), which the Court granted (Dkt. 21). Respondents filed an answer, stating that petitioner had not exhausted any grounds for relief in state court. Dkt. 20. Petitioner confirmed that he had filed neither a direct appeal nor a personal restraint petition ("PRP") with the Washington courts, but indicated that he had begun the exhaustion process. Dkt. 24 at 13-14. Respondents confirmed that petitioner had filed a timely collateral attack in state court and advised that the case be stayed pending a decision from the state courts. Dkt. 26. The Court agreed, and entered an order staying the case in August of 2017. Dkt. 27.

In state court, petitioner originally filed his PRP directly with the Washington Supreme Court, which transferred it to the Court of Appeals. Dkt. 35, Ex. 26. He argued that his right to be tried within 180 days under the IAD had been violated. *Id*. Petitioner did not include a challenge to the state appeals process in his PRP. *Id*.

The Court of Appeals found that, because petitioner had pled guilty, he waived his right to challenge the speediness of his trial, and therefore dismissed his PRP as frivolous. *Id.*, Ex. 28. Petitioner filed an appeal with the Washington Supreme Court (*Id*, Ex. 29), which that Court treated as a motion for discretionary review (*Id.*, Ex. 30). However, that Court agreed with the

1  Court of Appeals that petitioner had waived his right to challenge the speediness of his trial and
2  dismissed petitioner's PRP. *Id*., Ex. 31. It does not appear petitioner filed any motions for
3  reconsideration.

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant a habeas petition in only two circumstances. First, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000); 28 U.S.C. § 2254(d). Second, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). AEDPA requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In addition, review of state court decisions under 28 U.S.C. § 2254(d)(1) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle

REPORT AND RECOMMENDATION - 5

1  the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief
2  is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the
3  state court. *Cullen*, 131 S.Ct. at 1388. A hearing is not required if the allegations would not
4  entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474.

5  Here, petitioner's claims rely on established rules of constitutional law. There are no
6  factual issues that could not have been previously discovered by due diligence. Therefore, the
7  Court concludes that an evidentiary hearing is not necessary to decide this case and petitioner's
8  claims may be resolved on the existing state record.

## DISCUSSION

### I. Challenge to Ability to Appeal Lewis County Decision

In his habeas petition, petitioner includes as his third ground a claim that he is being unlawfully barred from filing an appeal of the Lewis County conviction. Dkt. 8 at 11. Respondents note that petitioner neglected to raise this ground to the state courts in his PRP, thus leaving it unexhausted. Dkt. 32 at 6-8. Further, because petitioner has not exhausted this ground in state court and the time to raise it has since passed, respondents argue that petitioner's third ground is now procedurally barred from consideration. *Id*. However, as respondent correctly notes, the Court need not make a determination on whether petitioner exhausted this ground because it is now moot.

Petitioner argues in his habeas petition that he is being unlawfully restrained from appealing his conviction and bringing a challenge under the IAD. However, with his personal restraint petition, petitioner's IAD arguments have now been raised and disposed of by the state appellate courts. Because the state courts have addressed his challenge on the merits, he is no

1 longer being allegedly barred from presenting his IAD claims to the courts. Therefore,

2 petitioner's third ground is now moot and the Court declines to address it on its merits.

3 **II.     Challenge Under IAD**

4 Petitioner's first and second grounds both focus on the allegation that he was not brought
5 to trial for his Washington crimes in a timely manner under the IAD. The IAD is an agreement
6 among 48 states, the District of Columbia, and the federal government that "enables a
7 participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to
8 try him on criminal charges." *Reed v. Farley*, 512 U.S. 339, 341 (1994). The IAD states that,
9 when there is an untried indictment or information pending when a prisoner is imprisoned in
10 another state, "he shall be brought to trial within one hundred and eighty days" after he sends the
11 prosecuting attorney and court a request for a final disposition. *Id*. III(a). However, the trial court
12 may extend this deadline if it finds a showing of good cause in open court. *Id*.

13 "As a general rule, one who voluntarily and intelligently pleads guilty to a criminal
14 charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea
15 constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (citing
16 *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983)). Rather, a petitioner may only challenge the
17 "voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267
18 (1973). This is true even if a guilty plea was entered by acting upon advice of counsel and
19 remaining unaware that the guilty plea could preclude habeas relief. *Hudson*, 760 F.2d at 1030.

20 In dismissing his PRP, the Court of Appeals briefly stated:

21 > [Petitioner] argues that the State violated the [IAD] by not bringing him to trial from California to Washington within 180 days of his request. But he specifically
22 > waived his IAD claims in his pleas of guilty. And he fails to show that the Washington court had [no] good cause to grant extensions of his IAD deadline. His
23 > petition is frivolous.

24

Dkt. 35, Ex. 28.

Similarly, the Washington Supreme Court stated:

> [Petitioner] urges he is entitled to relief because in pleading guilty he did not waive his right to claim that he was not brought before the Washington court within the speedy trial time specified by the [IAD], chapter 9.100 RCW. But in pleading guilty [petitioner] expressly waived his right to a speedy trial, and a guilty plea generally constitutes a waiver of the right to a speedy trial. *In re Woods v. Rhay*, 68 Wn.2d 601, 606 (1966).

*Id.*, Ex. 31.

Here, the state courts did not unreasonably apply clearly established federal law when they concluded petitioner was precluded from relief because he entered a voluntary, and unconditional, guilty plea. Petitioner signed a statement of guilt, which contained a clause acknowledging that by pleading guilty, one of the rights he would relinquish was "[t]he right to a speedy and public trial by an impartial jury in the county where the crime was allegedly committed." Dkt. 18, Ex. 21 at 2. As noted above, because of the guilty plea, petitioner's habeas grounds are limited to the intelligence and voluntariness of his guilty plea. *Tollett*, 411 U.S. at 267. Petitioner does not challenge that his guilty plea was involuntary, only that he was not brought to trial within the 180 contemplated under the IAD. However, as noted above, when he entered his guilty plea, he waived his right to challenge the speediness of his trial. Therefore, the state courts did not unreasonably apply clearly established federal law when they came to that conclusion.

Further, even if petitioner could challenge the timeliness of his trial here, the trial court's extensions were founded on good cause. The prosecutor explained when he first asked for a continuance that the California Department of Corrections was taking an extremely long time to process the detainer paperwork. Dkt. 18, Ex. 8. Further, the prosecutor explained the California officials had moved petitioner to a new facility, meaning amended paperwork had to be drafted.

1  *Id*. The trial judge took this into account, found that California was not acting in good faith, and
2  found good cause to extend the IAD deadline. *Id*., Ex. 9. Petitioner's counsel then filed a motion
3  to dismiss or, in the alternative, grant a continuance in order to more effectively represent
4  petitioner, and the trial court again found good cause and extended the deadline. *Id*., Exs. 12, 14.
5  Finally, the prosecutor once again moved to continue the trial due to the unavailability of
6  material witnesses, and the trial court again found good cause and extended the deadline. *Id*.,
7  Exs. 19, 20.

8  The IAD requires that a prisoner being transported on detainer be brought to trial within
9  180 days. 18 U.S.C. § 2(III)(a). However, that same clause allows for continuances provided the
10 court makes a finding of good cause. *Id*. The trial court made findings that good cause existed
11 here, and plaintiff has not rebutted the trial court's findings. Petitioner's challenge is improper
12 because he waived his speedy trial rights when he pled guilty, and even if he hadn't, his
13 argument lacks merit. Therefore, the Court recommends denying petitioner's habeas petition.

## CERTIFICATE OF APPEALABILITY

15 Petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
16 court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
17 (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner
18 has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §
19 2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could
20 disagree with the district court's resolution of his constitutional claims or that jurists could
21 conclude the issues presented are adequate to deserve encouragement to proceed further."
22 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

For the reasons stated above, petitioner waived his right to challenge the speediness of his trial when he entered a guilty plea, and the state courts did not unreasonably apply clearly established federal law when they came to that conclusion. Further, his challenge to access to the state appellate process is now moot. Therefore, the Court recommends petitioner's habeas petition be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **May 4, 2018**, as noted in the caption.

Dated this 6th day of April, 2018.

_____
J. Richard Creatura
United States Magistrate Judge